UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AT HOME SLEEP SOLUTIONS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC., et al.,<br><br>Defendants. | Civil Action No. 18-3333 (CCC)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiffs At Home Sleep Solutions, LLC ("AHSS") and Michael Doblin, DDS ("Dr. Doblin") (collectively "Plaintiffs") for leave to amend their Complaint [ECF No. 34]. Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") opposes Plaintiffs' motion [ECF No. 35]. For the reasons set forth below, Plaintiffs' motion to amend their Complaint [ECF No. 34] is **GRANTED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs filed a Complaint in the Superior Court of New Jersey, Bergen County, Law Division on February 5, 2018. ECF No. 1-1. Plaintiffs' claims arise from Dr. Doblin's practice in providing certain services[1] to persons covered by healthcare insurance issued by Defendant. *See* ECF No. 1-1, ¶ 1. According to Plaintiffs, prior to an audit of claims submitted in 2015 and 2016, Plaintiffs would receive preauthorization from Defendant for Dr. Doblin's services, and then

---

[1] Dr. Doblin makes and fits oral devices for persons suffering from Obstructive Sleep Apnea, a sleep disorder in which the person stops breathing for at least ten seconds during sleep. ECF No. 1-1, ¶¶ 4-5.

1

would invoice Defendant for these services through an outside billing company retained by Plaintiffs. *See id.*, ¶¶ 6-8. After the audit, Plaintiffs allege that Defendant changed the procedure for the handling of Plaintiffs' claims now requiring Plaintiffs to negotiate with a private company retained by Defendant for payment of claims. *See id.*, ¶¶ 9-10. Plaintiffs allege that many of the claims submitted to Defendant for payment were wrongfully denied or processed unnecessarily slowly. *See id.*, ¶¶ 11-12. Plaintiffs also allege that Defendant communicated false information to Dr. Doblin's patients, advising patients that the claims submitted were delayed or denied due to the involvement of the Special Investigations Unit of Horizon in the processing of Plaintiffs' claims. *See id.*, ¶ 13.

Horizon filed a Notice of Removal in the United States District Court for the District of New Jersey on March 8, 2018. ECF No. 1. On March 16, 2018, Horizon filed an Answer denying the material allegations of the Complaint. ECF No. 3. A Pretrial Scheduling Order was entered by the Court on May 8, 2018. ECF No. 7. The deadline set forth in the Pretrial Scheduling Order for any motions to amend pleadings was August 17, 2018. ECF No. 7, ¶ 15. On November 20, 2018, an order was entered setting the fact discovery end date as January 30, 2019. ECF No. 16. The fact discovery end date was later extended to March 22, 2019. ECF No. 21.

Plaintiffs now seek leave to file a Second Amended Complaint to add allegations that Defendant's actions had a deleterious effect on Dr. Doblin, which caused him emotional damage, and to add direct claims for emotional distress and false light defamation. *See* ECF No. 34-2, Ex. B.

## II. DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v.*

*Pittsburgh Glass Works, LLC*, No. 10–1283, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo,* 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In situations such as the present, where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.,* 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed). "Rule 16 governs in these situations rather than Rule 15 because scheduling orders would otherwise 'be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.'" *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (citation omitted).

In this matter, the Pretrial Scheduling Order set forth a deadline for moving to amend pleadings of August 17, 2018. ECF No. 7, ¶ 15. Furthermore, fact discovery was to be completed by March 22, 2019, and no further extension for fact discovery has been ordered. *See* ECF No. 21. Therefore, in light of Plaintiffs' motion to amend being filed after the expiration of the August 17, 2018 deadline, and after the close of fact discovery, the Court first must determine whether Plaintiffs have demonstrated "good cause" under Rule 16.

### A. Rule 16 Standard

Rule 16 authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the

parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) (quoting Fed. R. Civ. P. 16 Advisory Committee's note to 1983 amendment); *see also Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) Advisory Committee's note to 1983 amendment; *see also Harrison,* 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos,* No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham v. Progressive Direct Ins.*, 271 F.R.D. 112, 118 (W.D.Pa. 2010)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

The Court has "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, No. 04–5590, 2006 WL 3069475, at *6 (D.N.J. Oct.27, 2006). Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v.*

4

*Texas Instruments, Inc.,* No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.,* 501 F. Supp. 2d 695, 702 (E.D.Pa. Aug.8, 2007); *see also* Fed. R. Civ. P. 16(b), Advisory Committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings*, 2009 WL 2905471, at *16 (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). However, under some circumstances, good cause may be satisfied if the movant shows that its delay in filing the motion to amend stemmed from "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Phillips*, 2006 WL 3069475, at *6 (quotations omitted).

**B. Rule 16 Analysis**

As an initial matter, neither Plaintiffs nor Defendant address the issue of "good cause" under Rule 16; nevertheless, in this Court's estimation, Plaintiffs have demonstrated "good cause." Although Plaintiffs' motion to amend is untimely, Plaintiffs explain that Plaintiffs' counsel experienced substantial health issues over the course of this litigation beginning in mid-2018,

5

being hospitalized on several occasions and ultimately culminating in a heart attack, which has delayed progress in this case and the filing of the motion to amend at an earlier date. *See* ECF No. 34-1 at p. 3; ECF No. 34-2, ¶¶ 18-19. While Plaintiffs' acknowledge that emotional distress damages had been previously identified in this case through Interrogatories and Disclosures to Defendant [ECF No. 34-1 at p. 5; ECF No. 36 at p. 2], given the Court's discretion in determining good cause, the Court will consider the significant health issues faced by Plaintiffs' counsel as an understandable explanation for Plaintiffs' failure to comply with the Pretrial Scheduling Order.

### C. Rule 15 Standard

Because the Court has found that Plaintiffs have satisfied the good cause standard, the Court will now turn to Rule 15. Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . .." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

**D. Rule 15 Analysis**

Defendant does not assert that Plaintiffs' motion results from any bad faith, but argues that Plaintiffs have unduly delayed and allowing the proposed amendments would be prejudicial to Defendant. ECF No. 35 at p. 17. First, the Court turns to Defendant's claim of undue delay. A court may deny a motion to amend if the movant's delay in seeking the amendment is undue. *Foman,* 371 U.S. at 182. "The mere passage of time does not require that a motion to amend . . . be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). However, if the delay places an unwarranted burden on the court or on the opposing party, then denial based on delay is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Defendant argues that Plaintiffs provide "no credible excuse for Plaintiffs' violation of the [Pretrial Scheduling Order] or their dilatory conduct in waiting to file this motion until after the close of fact discovery . . . ." ECF No. 35 at p. 18. Defendant further argues that the health issues faced by Plaintiffs' counsel do not excuse for delay because he only raised his health issues for the first time in April 2019 after the close of fact discovery. *Id.* at p. 19, n.10. However, as previously discussed, it appears to the Court that the significant health issues faced by Plaintiffs' counsel have delayed progress in this litigation, which Plaintiffs' counsel represented have been occurring since mid-2018, and this constitutes a sufficient excuse for Plaintiffs' failure to abide by the Pretrial Scheduling Order.

Next, the Court addresses Defendant's assertion of prejudice. "Prejudice," for purposes of determining whether to allow the proposed amendments, involves serious impairment of the non-movant's ability to present its case. *Harter v. GAF Corp.,* 150 F.R.D. 502, 509 (D.N.J. 1993).

Incidental prejudice to the non-moving party is not a sufficient basis for denial of an amendment; prejudice becomes "undue" only when the non-moving party shows that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered. *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981); *see also DiLoreto v. Borough of Oaklyn,* 744 F.Supp. 610, 615 (D.N.J. 1990). Prejudice can also be caused in a number of different circumstances, such as when the amended pleading will "(1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Textron Fin.-New Jersey, Inc. v. Herring Land Grp., LLC,* No. 06–2585, 2009 WL 690933, at *4 (D.N.J. Mar. 11, 2009) (citing *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004)). Similarly, prejudice may result when the amendment would force a party to change their litigation tactics or case theory. *Stallings*, 2009 2009 WL 2905471, at *17 (citations omitted).

    Defendant claims that it will be prejudiced by the additional "emotional distress" claim because "Plaintiffs offered no information on this subject matter during discovery." ECF No. 35 at p. 19. Plaintiffs, however, counter that filing the Amended Complaint will only cause slight prejudice because "Plaintiff will only need to produce medical records as a supplement to discovery that has already been provided, to be followed by expert reports and depositions," which at the time of filing, had not been completed by either party. ECF No. 36 at p. 2. While the need to conduct additional discovery can prejudice the non-moving party, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party. *Dole v. Arco Chem. Co.,* 921 F.2d 484, 488 (3d Cir. 1990). Here, the Court agrees with Plaintiffs that the proposed amendments will only require minimal, specific additional discovery. Expert discovery

8

remains on-going in this matter, and the additional fact discovery necessitated by Plaintiffs' proposed amendments will not require any extensive extensions of the discovery period. Accordingly, because Plaintiffs' proposed amendments will not require extensive additional discovery or significantly delay the resolution of this matter, the Court finds that Defendant has failed to demonstrate any undue prejudice caused by Plaintiffs' proposed amendments.

Finally, Defendant asserts that Plaintiffs' leave to amend should be denied as futile. ECF No. 35 at p. 20. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co.,* 133 F.R.D. at 468 (quotations and citation omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

Defendant contends that Plaintiffs' proposed "emotional distress" claim is generic and lacks the factual predicate necessary to state a claim a for relief to the extent that it pleads intentional infliction of emotional distress, negligent infliction of emotional distress, or false light. ECF No. 35 at pp. 20-27. While Defendant may be correct in its assertions regarding the viability of Plaintiffs' proposed claims, it appears to the Court that a ruling on Defendant's futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiffs'

proposed amendments are clearly futile. Based on the foregoing, Plaintiffs' motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **16th** day of **March, 2020**,

**ORDERED** that Plaintiffs' motion for leave to amend [ECF No. 34] is **GRANTED;** and it is further

**ORDERED** that Plaintiffs shall file and serve their Amended Complaint within **seven (7) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**