## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AT HOME SLEEP SOLUTIONS, LLC, et al.,<br><br>      **Plaintiffs,**<br><br>      v.<br><br>HORIZON HEALTHCARE SERVICES OF NEW JERSEY, *doing business as* HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al.,<br><br>      **Defendants.** | **Civil Action No. 18-3333 (CCC)**<br><br>**OPINION & ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiffs At Home Sleep

Solutions, LLC and Michael Doblin, DDS (collectively, "Plaintiffs"), to seal certain documents

relating to the motion to withdraw filed by Plaintiffs' former attorney Harry Jay Levin, Esq. [Dkt.

No. 103].[1] Plaintiffs' motion is opposed by non-parties I Sleep Management, LLC, Dimitry

Kargman, Abe Bushansky, and Dr. Chitoor Govindaraj (collectively, "Related Defendants"), the

defendants in a matter that is related to this case (*At Home Sleep Solutions, LLC v. Horizon*

*Healthcare Services*, Civil Action No. 2:17-cv-4801 (KSH) (CLW)) (the "Related Action"), which

was filed by the same Plaintiffs. Dkt. No. 105. The Court has fully reviewed the arguments made

---

[1] While the original motion to seal filed by Mr. Levin on November 30, 2022 sought to seal only the Certification of Counsel [Dkt. No. 90], the Certification in Support filed by Plaintiffs' current counsel Batya G. Wernick, Esq., seeks to seal the following documents: (a) Mr. Levin's Certification in support of his Motion to Withdraw [Dkt. No. 90]; (b) Plaintiffs' Letter Brief in Opposition to the Motion to Withdraw; (c) Dr. Doblin's Affidavit in Opposition; (d) Mr. Levin's Reply Letter Brief; (e) Mr. Levin's Reply Certification; (f) Plaintiffs' Sur-Reply Letter Brief; (g) Dr. Doblin's Sur-Reply Affidavit in Opposition with Exhibits thereto; (h) Elayne Velazquez's Sur-Reply Affidavit in Opposition; and (i) the recording(s) and/or any transcript(s) of the hearing on the Motion. *See* Dkt. No. 104 at ¶¶ 2-3. Because the Court finds the same reasons for granting Plaintiffs' motion to seal the Certification of Mr. Levin [Dkt. No. 90] apply to the other documents which Ms. Wernick seeks to have sealed in her Certification in Support [Dkt. No. 104], the Court will consider all of the documents together in its analysis.

in support of, and in opposition to, Plaintiffs' motion and considers this motion without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiffs' motion to seal [Dkt. No. 103] is **GRANTED**.

## I.      BACKGROUND

As the parties are intimately familiar with the facts surrounding this matter, the Court will address only those relevant to the present motion. Plaintiffs retained attorney Harry Jay Levin, Esq. for the purpose of initiating this lawsuit regarding alleged damages incurred from underpayment of claims as well as "false" written statements contained in the Explanations of Benefits for patients of Plaintiffs' dental practice. Dkt. No. 1-1, Compl., at ¶¶ 10-13. On May 10, 2022, Mr. Levin filed a motion to withdraw as Plaintiffs' counsel in this matter. Dkt. No. 82. Mr. Levin tasked Cheryl Yannacone, his assistant, with submitting the Certification of Counsel [Dkt. No. 90] in support of his Motion to Withdraw via email to the Court as directed by the Court in its June 7, 2022 Letter Order [Dkt. No. 84]. Dkt. 103-1 at ¶¶ 1, 3. Instead of emailing the certification to Judge Clark, Ms. Yannacone erroneously efiled the document with the Court. *Id.* at ¶ 5. On November 30, 2022, Mr. Levin, on behalf of Plaintiffs, filed a motion to permanently seal the Certification of Counsel. Dkt. No. 103. On December 8, 2022, Batya G. Wernick, Plaintiff's attorney for the purposes of opposing Mr. Levin's Motion to Withdraw, further requested that all of the documents related to the Motion to Withdraw be sealed, as set forth *supra* in footnote 1 (collectively, including the Certification of Counsel, the "Documents"). Dkt. No. 104, ¶¶ 2, 8.

On December 19, 2022, counsel for the Related Defendants filed a letter brief in opposition to Plaintiffs' motion to seal. Dkt. No. 105. In the Related Action, the same Plaintiffs filed suit against the Related Defendants alleging a different theory of causation but seeking the same damages which the Related Defendants assert stem from the same wrongful acts committed by Dr.

Doblin. *Id.* at 1, 1 n.2. The Related Defendants argue they are entitled to see the withdrawal motion in its entirety because of the issues arising from Mr. Levin's continued role as counsel in the Related Action, including how Mr. Levin will be able to represent Plaintiffs at trial in the Related Action when he is asked about his contradictory testimony in the instant matter as compared to the Related Action. *Id.* at 5. Additionally, Mr. Levin used the same "expert" report in both matters, and "then removed the references to depositions and other documents in [the instant litigation] (without changing the content of the report)." *Id.* On March 2, 2023, Mr. Levin filed a motion to withdraw as Plaintiffs' counsel in the Related Action, which was terminated as moot when Plaintiffs entered a substitution of counsel on March 30, 2023. *See* Civ. Action No. 17-4801, Dkt. Nos. 172, 178, 180. Accordingly, Mr. Levin is no longer counsel for Plaintiffs in the Related Action.

## II.   LEGAL STANDARD

There is a presumption of access to judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Nonetheless, litigants may move to seal information associated with a judicial proceeding by demonstrating "good cause." *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

In this District, motions to seal are governed by Local Civil Rule 5.3. Under Rule 5.3, "[a]ny motion to seal or otherwise restrict public access . . . shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not

granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). After evaluating each factor under Rule 5.3, a court's ultimate decision must derive from a balancing test placing the specific need for privacy against the general presumption of public access. *Pansy*, 23 F.3d at 787.

### III.    DISCUSSION

Plaintiffs contend that the Documents should be sealed because they contain "confidential attorney-client information," Dkt. No. 103-3, which is "unquestionably private and safeguarded by the attorney-client privilege." Dkt. No. 104 at ¶ 6. Under Rule 5.3, Plaintiffs must explain the nature of the materials at issue. The Court's evaluation of this factor rests on whether the materials involve "matters of legitimate public concern." *Pansy*, 23 F.3d at 788. Specifically, factors falling under the umbrella of public concern include whether the information sought is important to the health and safety of the general public, if the sharing of information among litigants would promote fairness and efficiency, and if a public entity or official is involved. *Id.* at 777-78. Where the materials in a motion to seal are of particular interest to the public, this factor weighs in favor of public access; where the materials are truly of a private nature, this factor weighs in favor of confidentiality. *Id.*; *see also Leap Systems, Inc. v. Moneytrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (finding the public's interest in disclosure was minimal because the parties, an insurance licensor and licensee affiliate, are private entities, and their dispute over misappropriations of proprietary and confidential information, breach of contract, and breach of fiduciary duty had no impact on the safety and health of the public).

Plaintiffs must next describe the legitimate private interests that warrant the relief sought. This factor weighs the legitimate private interests against the public's general interest in disclosure, as well as the public's specific interest in information involving "matters of legitimate public

concern." *Castellani v. City of Atl. City*, 102 F. Supp. 3d 657, 668-69 (D.N.J. 2015) (citing *Pansy*, 23 F.3d at 788). Courts, in practice, have granted motions to seal where a party's private interest outweighs the public interest. *See Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2014 WL 1233039, at *3 (D.N.J. Mar. 25, 2014) (granting motion to seal and finding a legitimate private interest in preventing public disclosure of "business agreements, trade secrets, or commercial information"). Courts have recognized the protection of attorney-client information as a legitimate private interest and that the disclosure of such information could create unreasonable pain. *See Pal v. Univ. of Med. & Dentistry of N.J.*, Civ. Action No. 2:11-cv-06911-SRC-CLW, 2013 U.S. Dist. LEXIS 123523, at *7 (D.N.J. Aug. 29, 2013) (finding significant the fact that the plaintiff communicated with her attorney believing that her conversations were confidential and to permit public access to the documents would not only undermine the public's "interests in the observance of law and administration of justice," but also deny the plaintiff the assurance to which she is generally entitled that her privileged communications with her attorney would remain confidential); *see also Emmanouil v. Roggio*, 2009 WL 961275, at *2 (D.N.J. Apr. 7, 2009) ("Courts have long recognized the attorney-client privilege as one of the few exceptions to the public's right to every man's evidence.") (quoting *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 230-1 (3d Cir. 2007) (internal quotations omitted)).

Third, Plaintiffs must describe a clearly defined and serious injury, providing more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," that would result if its motion to seal were denied. *Pansy*, 23 F.3d at 786. On its face, a party's mere classification of a document as confidential does not suffice as a particularized showing that specific injury will occur. *See MEI, Inc. v. JCM Am. Corp.*, No. 09-351 (RBK/JS), 2010 U.S. Dist. LEXIS 121662, at *6 (D.N.J. Nov. 16, 2010); *see also In re Benicar (Olmesarten) Prods. Liab.*

5

*Litig.*, 2016 U.S. Dist. LEXIS 7977, at *66 (D.N.J. Jan. 21, 2016) ("[I]t is well-settled that a party's classification of material as protected or confidential does not automatically satisfy the criteria for sealing pursuant to Local Civil Rule 5.3.").

Lastly, Plaintiffs must demonstrate that there is no less restrictive alternative means available to protect its sensitive information. This factor evaluates whether requests to protect documents are overbroad and whether Plaintiffs' interests "can be adequately served by filing a more narrowly tailored" motion. *Bock*, 2014 WL 1233039, at *3.

Plaintiffs contend that they have a legitimate interest in maintaining the confidentiality of the information in order to preserve the attorney-client privilege and that serious injury would result from disclosure of the Documents, namely the unfair advantage to the defendants in the Related Action to access information they are not entitled to see or use. *See* Dkt. No. 103-3 at ¶¶ 2, 4; Dkt. No. 106 at 2. In opposition, the Related Defendants argue primarily that Mr. Levin's request to seal is conclusory by relying only on the certification of his non-lawyer assistant "which fails to state what documents it seeks to have sealed and/or the basis for why the Court should seal the information." Dkt. No. 105 at 3. Further, according to the Related Defendants, the mere statement by Mr. Levin that the communications should be deemed confidential does not meet the requisite requirements for good cause. Dkt. No. 105 at 4. While the Related Defendants also raise arguments regarding the role of Mr. Levin as counsel in both matters, such arguments appear to be moot in light of Mr. Levin's withdrawal as counsel in the Related Action. Therefore, the Court will focus on whether Plaintiffs' specific need for privacy outweighs the general presumption of access to judicial public records.

Notwithstanding Plaintiffs' barebones classification of the Documents as confidential, Plaintiffs have shown good cause to seal the Documents. Plaintiffs' asserted privacy interest in

maintaining the confidentiality of attorney-client communications is legitimate. *See Pal*, 2013 U.S. Dist. LEXIS 123523, at *7. The Documents consist almost entirely of discussions between Plaintiffs and their attorney, Mr. Levin, about how Plaintiffs view the posture of the case. *See* Dkt. No. 106 at 2. Importantly, this Court had previously deemed the motion to withdraw as confidential and ordered that the briefs not be electronically filed, but instead emailed to chambers. *Id*.; *see also* Dkt. No. 84. The accidental efiling of Mr. Levin's Affirmation by Ms. Yannacone is not a legitimate basis to discard the strong interest in maintaining confidentiality between Plaintiffs and their attorney, Mr. Levin. Maintaining the confidentiality of attorney-client communications is necessary to ensure a just and competent judicial order. *See Pal*, 2013 U.S. Dist. LEXIS 123523, at *8-9.

Further, the Court finds that serious injury will result from the disclosure of these attorney-client communications. *See Rudderow v. Boston Sci. Corp.*, Civ. Action No. 20-08561 (CPO), 2022 U.S. Dist. LEXIS 85948, at *17 (D.N.J. May 11, 2022) (finding that the parties will be harmed if the filing at issue is not sealed because it would destroy the privilege of some attorney-client communications); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 97 (3d Cir. 1992) ("Because of the sensitivity surrounding the attorney-client privilege . . . the matters covered by the exception [should] be kept under seal or appropriate court-imposed privacy procedures until all avenues of appeal are exhausted."). Plaintiffs argue that failing to seal the Documents would result in the disclosure of protected communication between Plaintiffs and their attorney, Mr. Levin, and create an unfair advantage for the Related Defendants by allowing them access to information to which they are not privy. *See* Dkt. No. 103-3 at ¶¶ 2, 4; Dkt. No. 106 at 2. Plaintiffs have surpassed "broad blanket" allegations of harm by making a particularized showing of a clearly defined and serious injury, the destruction of attorney-client privilege, which has previously been recognized

by this Court as sufficient for granting a motion to seal. *See Rudderow*, Civ. Action No. 20-08561 (CPO), 2022 U.S. Dist. LEXIS 85948, at \*17; *cf. Securitmetrics*, 2006 WL 827889, at \*14 (finding the defendant's contention of "broad, blanket" allegations of economic injury was insufficient to demonstrate good cause). It is appropriate for courts to grant motions to seal if disclosure would result in unreasonable or unnecessary pain for the parties. *See Pansy*, 23 F.3d at 787.

Moreover, factors relating to legitimate public concern are not present. The parties to this dispute, a medical clinic and a healthcare insurance provider, are not government entities or public officials, but are rather private entities. Further, the nature of the Documents relates to Plaintiffs' view of the posture of this case, i.e., a private business dispute, which does not invoke as great a public concern as, for instance, a civil rights case. When private litigants are dealing with private issues, it is appropriate to maintain confidentiality where the harm to the parties greatly outweighs any public benefit. *See Leap Systems*, 638 F.3d 216 at 222-23.

As to the final factor, there are no less restrictive alternative means than sealing the Documents. Plaintiffs note that given the breadth of privileged material in each document, it would be impracticable to redact all of the subject pleadings. Dkt. No. 106 at 1; *see also Bright v. Asset Acceptance, Inc.*, 292 F.R.D. 190, 203 (D.N.J. 2013) (acknowledging that redaction is not a viable alternative to sealing documents when they contain sensitive information as a whole). This Court has already acknowledged that the nature of the withdrawal motion was confidential in ordering the briefs be emailed to chambers instead of electronically filed. Therefore, the Court finds that the Documents, all of which relate to the withdrawal motion, shall be permanently sealed to comply with its previous findings.

Having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 18th day of July, 2023;

**ORDERED** that Plaintiffs' motion to seal (a) Mr. Levin's Certification in support of his Motion to Withdraw [Dkt. No. 90]; (b) Plaintiffs' Letter Brief in Opposition to the Motion to Withdraw; (c) Dr. Doblin's Affidavit in Opposition; (d) Mr. Levin's Reply Letter Brief; (e) Mr. Levin's Reply Certification; (f) Plaintiffs' Sur-Reply Letter Brief; (g) Dr. Doblin's Sur-Reply Affidavit in Opposition with Exhibits thereto; (h) Elayne Velazquez's Sur-Reply Affidavit in Opposition; and (i) the recording(s) and/or any transcript(s) of the hearing on the Motion [Dkt. No. 103] is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall maintain Mr. Levin's Certification in support of his Motion to Withdraw [Dkt. No. 90] and the recording(s) and/or any transcript(s) of the hearing on the Motion to Withdraw under seal; and it is further

**ORDERED** that the remaining Documents, namely Plaintiffs' Letter Brief in Opposition to the Motion to Withdraw; Dr. Doblin's Affidavit in Opposition; Mr. Levin's Reply Letter Brief; Mr. Levin's Reply Certification; Plaintiffs' Sur-Reply Letter Brief; Dr. Doblin's Sur-Reply Affidavit in Opposition with Exhibits thereto; and Elayne Velazquez's Sur-Reply Affidavit in Opposition, all of which were submitted to the Court via e-mail, shall remain under seal.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**
